**ORIGINAL**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

No. 11-30
(Judge Williams)

**FILED**

FEB 1 5 2011

**U.S. COURT OF
FEDERAL CLAIMS**

### DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully requests that this Court dismiss plaintiff's complaint in its entirety, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. In support of our motion, we rely on the complaint and the following memorandum of law.

### ISSUE PRESENTED

Whether this Court possesses jurisdiction to entertain a plaintiff's collateral attack upon a prior decision of the Superior Court of New Jersey, which approved a sheriff's sale for a foreclosed property in that state.

### BACKGROUND

Plaintiff, Celestine R. Garris, a free Moorish-American national and a member of the Moorish Science Temple of America, borrowed approximately $320,000 dollars in 2005 to purchase a property in Newark, New Jersey. Ex. A (Excerpt 1 from Compl.). Ms. Garris defaulted on the loan, and on October 23, 2009, the Superior Court of New Jersey ordered that

the property be sold to satisfy the amount in default, approximately $420,000. Ex. B (Excerpt 2 from Compl.).

Ms. Garris thereafter filed a complaint in this Court on January 11, 2011, challenging the state court decision. She contends that the state court denied her constitutional right to a jury trial, which she asserts was required in the state court foreclosure proceeding. Ex. C (Excerpt 3 from Compl.). Ms. Garris argues that the right to a jury trial is an implied contract right and that, therefore, she can bring her action in this Court under the Tucker Act. *Id.*

## ARGUMENT

### I.    Standard Of Review

This Court must possess jurisdiction to entertain the subject matter of any action before it can proceed to the merits. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Zhao v. United States*, 91 Fed. Cl. 95, 98 (2010). The burden of establishing the Court's subject matter jurisdiction resides with the plaintiff. *Buser v. United States*, 85 Fed. Cl. 248, 254 (2009). When jurisdiction is challenged, the plaintiff cannot simply rely on its allegations, but must bring forth relevant, competent proof to establish jurisdiction. *Id.* Matters outside the pleadings may be considered in examining jurisdiction. *Id.* Although *pro se* plaintiffs are held to a lesser standard than counsel, they are nonetheless required to establish the jurisdiction of this Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Without jurisdiction, this Court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Additionally, in considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, this Court will grant dismissal if the plaintiff has not alleged sufficient facts to state a claim "that is plausible on its face" for which the Court could grant relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a plaintiff identifies a money-

2

mandating statute, but fails to plead facts in the complaint which demonstrate that the claim fits within the scope of the money-mandating statute, the Court must dismiss the claim on the merits. *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

## II. This Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claim Pursuant To The Tucker Act

### A. The Tucker Act Creates Jurisdiction Only Over Claims Involving A Request For Money Damages

This Court is one of limited jurisdiction, and its ability to entertain suits is circumscribed by the extent to which the United States has waived sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. *Id.* Congressional consent to suit in this Court must be explicit and strictly construed, and waivers of sovereign immunity must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The Tucker Act confers jurisdiction upon this Court for claims "against the United States [for money damages] founded either upon the Constitution, or any act of Congress or any regulation or an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Money damages cannot be recovered against the United States absent this waiver of sovereign immunity. *Marathon Oil Co. v. United States*, 56 Fed. Cl. 768, 770 (2003); *see Library of Congress v. Shaw*, 478 U.S. 310, 321 (1986).

The Tucker Act does not, by itself, create any substantive cause of action. A plaintiff must identify a separate source of substantive law that creates a right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). When the Court determines that no money-mandating provision exists, the Court must dismiss the action for lack of subject matter

jurisdiction. *Id.* The absence of a money-mandating provision is fatal to an assertion of

jurisdiction under the Tucker Act, 28 U.S.C. § 1491. *Fisher*, 402 F.3d at 1175-76.

**B.     Plaintiff's Claim Is Not For Money Damages From The Government**

Ms. Garris neither seeks money damages from the Federal Government nor asserts that

any source of law mandates payment to her from the Federal Government as a result of

foreclosure proceedings in the state of New Jersey. In reality, what Ms. Garris is seeking is a

new trial in this Court in which she can challenge the state court's foreclosure proceeding and the

order authorizing the sheriff's sale. Ex. C.

This Court does not have the authority to entertain collateral attacks on state court

judgments, and it is without the power to overturn any judgment of a state court. *Vanderbeek v.*

*United States*, 41 Fed. Cl. 545, 546 (1998); *see also Dist. Of Columbia Ct. of App. v. Feldman*,

460 U.S. 462, 482 (1983). Since Ms. Garris's claim is not one for money damages, she therefore

cannot proceed under the Tucker Act. *See* 28 U.S.C. § 1491.

**C.     Plaintiff Fails To Establish Any Contract With The Federal Government
         That Mandates The Payment Of Money For State Foreclosure Proceedings**

While Ms. Garris asserts that she has an implied contract right to a jury trial, and thus can

bring her claim under the Tucker Act, she has failed to assert any facts establishing that she has

an implied-in-fact contract with the Federal Government.

To establish an implied-in-fact contract, Ms. Garris must demonstrate (1) that the

Government manifested its intent to contract with her; (2) the parties exchanged valid

consideration; and (3) there was a clear expression of offer and acceptance. *City of El Centro v.*

*United States*, 922 F.2d 816, 820 (Fed. Cir. 1990). Ms. Garris asserts no facts suggesting that

she entered into any bargained for agreement with the Government. *See* Ex. C. Instead, she

argues that, under the Constitution, this Court must find that she has an implied contract right to

4

receive a jury trial in a state foreclosure proceeding. That allegation is devoid of the identification of an offer, an acceptance, a meeting of the minds on specific terms, and the exchange of consideration. Because Ms. Garris has not demonstrated any facts suggesting that she and the Federal Government entered into a bargained for agreement, she cannot establish that she has an implied-in-fact contract upon which this Court could base jurisdiction. *See Bell Atl.*, 550 U.S. at 570.

Instead, Ms. Garris's claim more precisely is characterized as an alleged implied-in-law contract with the Government. This Court, however, does not possess jurisdiction over implied-in-law contracts. *Aboo v. United* States, 86 Fed. Cl. 618, 626 (2009). Ms. Garris states that "the United States was mandated by the Constitution to protect the right to common law trial for the people of the [U]nited [S]tates of America, and the people of the [U]nited [S]tates of America claim this right by suing the United States for specific performance of a constitutionally protected right." Ex. C. Ms. Garris claims that the Federal Government has a legal duty arising under the Constitution to afford her a jury trial in all private contract matters. Regardless of the merits of this argument, the crux of Ms. Garris's claim is that the Constitution is the supreme law and requires that this Court find that she had an implied contract with the Federal Government. Her claim asserts a violation of an implied-in-law contract, which this Court does not possess the authority to entertain. *See Aboo*, 86 Fed. Cl. at 626. Ms. Garris has failed to demonstrate jurisdiction under the Tucker Act over her action seeking to overturn a state court's order regarding a foreclosure. At a minimum, she has failed to make out any claim upon which this Court could grant relief, and, for these reasons, her action should be dismissed in its entirety.

### III. No Constitutional Basis Exists For The Court To Exercise Jurisdiction In This Case

Independent of the Tucker Act issue, plaintiff has no constitutional basis to invoke this Court's jurisdiction. Ms. Garris asserts that the state court denied her due process, but this Court is without jurisdiction to entertain an action on that ground. Ex. D. (Excerpt 4 of Compl.). The Federal Circuit has held that the due process clause of the Fifth Amendment is not "money-mandating." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Ms. Garris asks this Court to find that the state court denied her process by not giving her a jury trial during the foreclosure proceeding. Regardless of the merits of her claim, she cannot invoke the jurisdiction of this Court under the Tucker Act to remedy an alleged violation of her due process rights. This Court must dismiss her complaint because it asserts claim under a due process theory.

Additionally, while Ms. Garris has not asserted the takings clause of the Constitution as a basis for jurisdiction, her claim could not proceed under that provision even if she had. The takings clause of the Fifth Amendment anticipates payment of money damages by the Government and is a valid basis upon which this Court can assert its jurisdiction. *See Landers v. United States*, 39 Fed. Cl. 297, 301-02 (1997). The takings clause, however, does not allow a party to collaterally attack a state court's judgment merely because the party re-badges that claim as a taking. This case does not present a valid takings claim. Ms. Garris is not seeking payment from the Federal Government for taking her property, but, rather, asks this Court to quash the state court's order allowing her property to be sold by the state at a sheriff's sale in order that the loan upon which she defaulted might be satisfied. *See* Ex. D at ¶¶ 25-28. She is asking this Court to void a state court's order. *Id.*

Further, the action Ms. Garris is challenging is one taken by a state and not the Federal Government. This Court only has jurisdiction to review actions against the United States.

*Landers*, 39 Fed. Cl. at 301-02. If Ms. Garris wishes to challenge the New Jersey state court's decision ordering that her property be sold at a sheriff's sale, her only avenue of review is through the state court system, and then to the United States Supreme Court. *Id.*

The remedy that Ms. Garris seeks in this action is the same remedy that was denied in *Landers*. In that case, the plaintiff asked this Court to quash another court's order seizing plaintiff's consular abode. 39 Fed. Cl. at 301-02. This Court held, in *Landers*, that it (1) could not quash another court's seizure order under the takings clause of the Constitution, and (2) could not order the restoration of the consular abode because that was an equitable action beyond this Court's power. *Id.* In this action, Ms. Garris asks this Court to do the very thing it determined it had no authority to order in *Landers*. This action must be dismissed as there is no constitutional basis for Ms. Garris to assert her claims in this Court.

**IV.   This Court Cannot Entertain Requests For Mandamus Relief**

Ms. Garris also seeks an order from this Court requiring the state court to provide her with a jury trial. Ex. D. This Court does not have any authority to issue writs of mandamus. *Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009). That power lies with the district courts, which have "original jurisdiction in any action of the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361 (2006). Thus, this Court cannot order the relief that plaintiff requests.

Moreover, the Court of Federal Claims "does not have the general equitable powers of a district court to grant prospective relief." *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988). The Court has no authority to grant equitable relief unless it is tied and subordinate to a money judgment. *Stephanatos v. United States*, 81 Fed. Cl. 440, 445 (2008) (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998)); *see also* 28 U.S.C. 1491(a)(2). As discussed above, Ms.

Garris has not presented any viable claim for money damages within the Court's subject matter jurisdiction. Thus, this Court has no authority to provide any equitable relief.

## V.     This Court Cannot Entertain Tort Claims

Independent of the other jurisdictional claims Ms. Garris raises, she also advances a mélange of legal theories sounding in tort in support of her claim seeking to overturn the state court's order. Ex. D. The thrust of these arguments is that the Superior Court of New Jersey perpetrated fraud, conspiracy, or some other harm upon Ms. Garris by virtue of authorizing a sheriff's sale of her property. It is well settled that this Court lacks jurisdiction over tort claims. *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998). Actions for fraud or negligence are tort claims, which are beyond this Court's jurisdiction. *Id.* Because Ms. Garris's claim also sounds in tort, it must be dismissed.

## V.     Transfer Would Not Be In The Interest Of Justice

While this Court may transfer a case when justice so requires, it does not appear that transfer would be appropriate in this situation

Under 28 U.S.C. § 1631, "the court shall, if it is in the interest of justice," transfer a case in which it lacks jurisdiction to any other court where the action could have been brought at the time it was filed. The "decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case if such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits." *Hall v. United States*, 91 Fed. Cl. 762, 772 (2010). In this case, Ms. Garris has failed to assert any ground upon which this Court possesses jurisdiction to hear her claim seeking to overturn the decision of the New Jersey Superior Court. Further, she has not demonstrated that any Court possessed jurisdiction to hear her claim in the first instance, and, therefore, transfer does not appear appropriate.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss the complaint in its entirety for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

VINCENT D. PHILLIPS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: 202-305-4591

February _15_, 2011

Attorneys for Defendant

Exhibit A

subsequent legal procedure or proceeding hereafter. Therefore, the following definitions apply to all relevant matters to your Offer as are contained herein and subject to such conditions, if any, that shall exist hereafter:

The term "**OFFER**" means Celestine Bey(ex rel.Celestine Garris).

The word "**CLAIMANT**" means Celestine Bey(ex rel. Celestine Garris).

The terms "**TACIT ANSWER**" or "**TACIT ACCEPTANCE**" means an answer or acceptance that is made by implication or drawn by reasonable inference even though it may not be so actually expressed, where silence or silent understanding may be considered to operate in replacement of an express statement made, giving rise to YOUR consent to a condition of a unilateral, simple contract on YOUR part. A Failure to Respond to this Acceptance (Webster's) by me of your Offer now before YOU by this Appearance De Bene Esse will become forthwith, and be construed so to be, YOUR Tacit Consent and your Tacit Acceptance." See Black's Law, 7th Edition.

The term "**BAD FAITH**" shall be construed minimally as is defined in Black's Law Dictionary, Seventh Edition as follows:  Bad Faith. Dishonest of belief or purpose, has been in judicial decisions to include a failure, whether or not willful, to cooperate in the other party's performance and a willful rendering of imperfect performance (or a willful failure of duty) - [ Restatement (Second) of Contracts § 205 cmt. D (1981)]. A condition of bad faith is also a condition of Dishonor as the same is regarded in commercial, international law, to be, with all rights against such Dishonor to exist in favor of the party in honor, accordingly.

The foregoing definitions have been made available here as MY proposal of definitions as they should exist in my case involving your Offer to me. If you have any proposal that you would like to submit on any or all definitions provided for above, then upon your timely redraft you may provide those to me accordingly also along with such reasons as you have, otherwise, if you provide no such proposal of definitions of your own, it is to be construed as your mutual consent and agreement to the above definitions by your tacit answer that the above definitions are acceptable by you and that we should move on based upon those definitions toward the final resolving of this case.

**PROOF OF CLAIM.** I have had an opportunity to review your Offer(s), and I have determined that there is a need to cooperate together to resolve this issue. It is my intent to settle this as honestly, cooperatively, equitably, and as expediently as possible. Therefore, I do not delay in moving forward to accept your claim(s) that you have provided me heretofore, however, to insure that such settlement as we are attempting to engage in here together should be as equitable and honest for me as it should be for you, I do accept conditionally your offer(s) and claim(s) upon proof (*not the simple written or verbal verification or making*) (note. . the foregoing italicized principle shall apply to all proofs below) of claim as follows:

1.      Upon condition of strict proof, as in the providing of substantial evidence, not just the making of a statement, written or verbal, of claim that Celestine Bey(ex rel. Celestine Garris) executed on 12/02/2005 to Allied Home Mortgage Capital Corporation a "Note" securing the sum of 328,000.00 payable on 01/01/2036 with the initial interest rate of 6.375% per annum. Upon condition of proof providing the original duly negotiated "Note" /contract that has the claimant's signed signature on it proving no fraud, or misrepresentations and full disclosure represented honestly in good faith properly attaching and creating Aurora Loan Services, LLC's equity interest, specifying what exactly Aurora Loan Services, LLC  loaned Celestine Bey(ex rel .Celestine Garris) entitling Aurora Loan Services, LLC to the property. Also please specify were in the original note/contract the authorization is given for the Attorney to collect a debt for the party you represent.

Exhibit B

XCZ 102618/na
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

ENTERED IN THE RECORDS OF EXECUTIONS
ISSUED IN THE SUPERIOR COURT CLERK'S
OFFICE

FILED
SUPERIOR COURT OF NJ
OCT 23 2009

16324 F09

|  |  |  |
|---|---|---|
| Aurora Loan Services, LLC | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | CHANCERY DIVISION |
|  | : | ESSEX COUNTY |
| Plaintiff, | : | DOCKET NO. F-19767-08 |
|  | : |  |
| vs. | : | Civil Action |
|  | : |  |
| CELESTINE R. GARRIS; et al | : | **WRIT OF EXECUTION** |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

The State of New Jersey to the Sheriff

of the County of Essex

## G R E E T I N G

Whereas, on the following date,

*10/23/09*

by a certain judgment in our Superior Court of New Jersey,

in a certain cause therein pending, wherein the plaintiff is

**Aurora Loan Services, LLC**



and the following named parties are the defendants:

**CELESTINE R. GARRIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR OCWEN LOAN SERVICING, LLC;**

it was ordered and adjudged that certain mortgaged premises, with the appurtenances, in the Complaint

and Amendment to Complaint, if any, in the said cause particularly set forth and described, that is to say:

The mortgaged premises are described as set forth upon the **RIDER ANNEXED HERETO AND MADE A PART HEREOF.**

Together, with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, use, property, claim and demand of the said defendants of, in, to and out of the same, be sold, to pay and satisfy in the first place unto the plaintiff, the sum of $420645.88, being the principal and interest secured by a certain mortgage dated 03/03/2006 and given by Celestine R. Garris, a married woman, together with interest at the Contract rate of 6.3750% on $38^1,782^{29} being the principal sum in default (including advances, if any) from 04/15/2009 to 10/23/09 and lawful interest thereafter on the total sum due plaintiff until the same be paid and satisfied and also the costs of the aforesaid plaintiff, with interest thereon.

And for that purpose a Writ of Execution should issue, directed the Sheriff of the County of Essex commanding him to make sale as aforesaid, and that the surplus money arising from such sale, if any there be, should be brought into our said court, subject to the further order of the said court, as by the said judgment remaining as of record in our said Superior Court of New Jersey, at Trenton, doth and may more fully appear; and whereas, the costs of the said plaintiff have been duly taxed at the following sum:

$ 5,216.46

Therefore, you are hereby commanded that you cause a sale to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, to raise the said sum of $420645.88, and the same you do pay to the said plaintiff together with interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon; and that you have surplus money, if any

## SCHEDULE A- Legal Description

ALL the following described property located in the City of Newark, County of Essex, State of New Jersey:

COMMONLY known as 93 Davenport Avenue, Newark, NJ 07107.

BEING also known as Lot 36, Block 698 on the tax map of the City of Newark.

| | |
|---|---|
| **DIMENSION:** | Approximately 25.00 feet by 100.00 feet |
| **NEAREST CROSS ST:** | Situate on the northeasterly line of Davenport Ave with the southeasterly line of North 10th Street |

The following is a metes and bounds legal description as found in the Mortgage, however, the name of the cross street was inadvertently misspelled as North 10H Street in the further described description in the Beginning Point and it should of been set forth as North 10th Street. The legal description is hereby reformed as set forth below:

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Newark, County of Essex State of New Jersey:

BEGINNING AT THE NORTHEASTERLY CORNER OF DAVENPORT AVENUE (FORMERLY CHESTER AVENUE) AND NORTH TENTH STREET; THENCE RUNNING NORTHERLY ALONG THE EASTERLY LINE OF NORTH TENTH STREET, 100 FEET; THENCE EASTERLY PARALLEL WITH DAVENPORT AVENUE, 25 FEET; THENCE SOUTHERLY PARALLEL WITH THE FIRST COURT 100 FEET TO DAVENPORT AVENUE; THENCE WESTERLY ALONG THE SAME 25 FEET TO THE PLACE OF BEGINNING.

BEING FURTHER DESCRIBED AS FOLLOWS,

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHEASTERLY SIDE OF DAVENPORT AVENUE AND THE SOUTHEASTERLY SIDE OF NORTH 10th STREET AND FROM SAID POINT RUNNING

1. ALONG THE SOUTHEASTERLY SIDE OF NORTH 10TH STREET, NRTH 29 DEGREES 20 MINUTES EAST, A DISTANCE OF 100.00 FEET TO A POINT AND RUNNING: THENCE

2. SOUTH 60 DEGREES 40 MINUTES EAST, A DISTANCE OF 25.00 FEET TO A POINT AND RUNNING THENCE

3. SOUTH 29 DEGREES 20 MINUTES WEST, A DISTANCE OF 100.00 FEET TO A POINT ON THE SAID NORTHEASTERLY SIDE OF DAVENPORT AVENUE AND RUNNING THENCE

4. ALONG THE SAME, NORTH 60 DEGREES 40 MINUTES WEST, A DISTANCE OF 25.00 FEET TO THE POINT AND PLACE OF BEGINNING.

NOTE: Being Lot(s) 36, Block 698, Tax Map of the City of Newark, County of Essex.

NOTE : Lot and Block shown for informational purposes only.

there be, before our said Superior Court of New Jersey, aforesaid at Trenton, within thirty (30) days after

sale; if no sale, writ returnable within twenty-four (24) months, pursuant to R. 4:59-1 (a), to abide the

further order of the said court, according to the judgment aforesaid; and you are to make return at the

time and place aforesaid, by certificate under your hand, of the manner in which you have executed this

our writ, together with this writ.

          **WITNESS, the Honorable Maria Marinari Sypek, P.J. Chancery Judge of the**

Superior Court at Trenton, New Jersey, aforesaid, this _23rd_ day of _October_ ,2009.

                           JENNIFER M. PEREZ, ESQ.
                           Acting Clerk of Superior Court

                    JENNIFER M. PEREZ
                    CLERK OF SUPERIOR COURT

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

BY:_____
     STEVEN D. KROL
     FOR THE FIRM

## *ESSEX COUNTY SHERIFF'S OFFICE*

## ESSEX COUNTY VETERANS COURTHOUSE

### 50 West Market Street
### Newark, NJ 07102

## ACKNOWLEDGEMENT of PURCHASE and CONDITIONS of SALE          *10/24/10*

**SHERIFF'S FILE #: 10000549**          **SCHEDULED SALE DATE: 03/09/2010**

Conditions of Sale of Real Estate/Personal Property described in the printed advertisement hereto annexed, made by Armando B. Fontoura, Essex County Sheriff, by virtue of a Writ of Execution issued out of the Superior Court of New Jersey, Chancery Division, County of Essex Docket No. **F1976708**, at the suit of:

**AURORA LOAN SERVICES, LLC**

**VS**

**CELESTINE R. GARRIS;  ET AL.**

**ADDRESS OF PROPERTY:     93 DAVENPORT AVE**
**NEWARK NJ 07107**

## CONDITIONS OF SALE

1. Each property is sold subject to restrictions of record which are unknown to the Sheriff at this time and subject to any unpaid taxes, water bills or assessments, and such state of facts as an accurate survey and physical inspection of the premises may reveal.
2. The highest bidder at the sale shall be the Purchaser. If any dispute arises as to who may be the successful bidder, the property will be resold immediately.
3. If you are the successful bidder on a piece of property, you are required to post a deposit of 20% of the total bid price in money order or certified funds immediately after the close of that sale. **NO COMPANY, AGENCY OR PERSONAL CHECKS WILL BE ACCEPTED.**          *3.5 %*
4. The balance of the bid is due and payable within 30 days from the Date of Sale. However 6.00% interest will be added to the purchase price from the 11th day to the date of payment.
5. If you purchase Personal Property at a chattel sale, the full amount of the purchase price must be paid today, at the time of sale. The Bill of Sale will be provided as soon as possible.
6. The Sheriffs Fees will be deducted from the Purchase Price. The Purchaser is responsible for the payment of the Realty Transfer Tax.
7. The Purchaser will sign an Acknowledgment of Purchase and these Conditions of Sale. If the Purchaser fails to pay the balance due within 30 days, the Sheriff will resell the property at the earliest possible sale date. The Former Purchaser will be held responsible for all costs and expenses incurred for the prior sale.
8. Surplus Money:  If after the sale and satisfaction of the mortgage debt, including costs and expenses, there remains any surplus money, the money will be deposited into the Superior Court Trust Fund and any person claiming this surplus, or any part thereof, may file a motion pursuant to Court Rules 4:64-3 and 4:57-2 stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff or other person conducting the sale will have information regarding the surplus, if any.

**I HEREBY ACKNOWLEDGE** that the property under Writ of Execution in the above stated cause as described in the attached printed advertisement was struck off by the Essex County Sheriff and sold to:

PURCHASER: PRINT NAME AND ADDRESS, AS YOU WANT IT TO APPEAR ON DEED

Aurora Loan Services LLC
10350 Park Meadows Drive
Littleton, CO 80124

**PURCHASED FOR THE SUM OF $** *100*          **TELEPHONE #:** _____

**PAYMENT RECEIVED $** _____          **CHECK HERE IF ASSIGNED**

Exhibit C

contradiction to man's law or civil law. For Affiant avers, Affiant has not and does not waive any rights including but not limited to the right to common law jury trial, for herein, jurisdiction is invoked under USC Title 28 § 1491, joined with formal demand for transfer pursuant to Rule 38 of the Federal Rules of Civil Procedure to the United States Court of Federal Claims, mandated by USC Title 28 § 1631, joined with Affiant's common law judgments pursuant the mandates of USC Title 28, §1652. For Affiant avers, the United States was mandated by the Constitution to protect the right to a common law trial for the people of the united states of America, and the people of the united states of America claim this right by suing the United States for specific performance of a constitutionally protected right. For Affiant avers, this is such a lawsuit for specific performance of that constitutionally protected right, joined with a claim for restitution, damages and adequate remedy. For Affiant avers, Affiant is claiming the right to a common law jury trial as a federally protected right and as a result the United States is a necessary party of the lawsuit. For Affiant avers Affiant seeks joinder of offenses and parties of Dockets #'s F-19767-08 and F-34854-08 as both actions suffer the similar omissions by same parties. For Affiant avers, Affiant's claim is being made for specific performance of certain acts required by the Constitution and federal laws and the third parties are joined for a claim of damages, for actions not performed in conjunction with prescribed oaths and duties, breaches of trust.

For Affiant avers, for the record Affiant has bona fide Lawful Contract(s)/Claim(s) under the common law Original Jurisdiction Northwest Ordinance of July 1787, Maxims of Law, and ACT-OF- STATE DOCTRINE, exceeding over twenty (1)one oz. silver dollars lawful specie money coined by the American Treasury prior to 1933, lawful consideration(s) and were lawfully fully executed and delivered June 16, 2008, under private and notary seal and recorded with Cook County Recorder of Deeds Doc #'s 1009529044; 1009529045; bona fide proof Affiant is the only contributing real party with lawful claims, titles and just full possession of property(s) of question in Dockets #'s F-19767-08 and F-34854-08 issuing writ(s) of execution for Sheriff Sale(s)(#10000549). (see: Affidavits, Notices, proofs etc.) For Affiant avers, the effect of this proceeding is that an "alien" to the United States is invoking the "extra-judicial"/ police power of the United States to enforce a common law protection. For Affiant avers, the United States is always a party to the proceeding for the right to a common law trial is an implied contract right filed in the United States Court of Federal Claims.

5.) For Affiant avers, we the Moorish-Americans as a clean and pure nation of people are 'In Propria Persona' Sui Juris as a Class, bearing one free national name(Moorish American) and religion(Islamism), being citizens of a free national government according to the free national constitution that was prepared for all free national beings, and are true American Citizen identified by our national descent name to answer and apply to the free national constitution of this free National Republic for the united states of America. For Affiant avers, Affiant is a faithful card carrying member of the **MOORISH SCIENCE TEMPLE OF AMERICA**, a lawfully chartered and incorporated organized body of the Natural Peoples/Natural Citizens, a free society by Right, 'Part and Partial' of this said Government. For Affiant avers, for the record, that this statements alone makes it clear for all to see, that according to the Supreme law of the land, the aggrieved Affiant, the **Moorish-American Nation**, the **MOORISH**

Exhibit D

DEMAND FOR PROOF OF CLAIM, NOTICE OF DISHONOR, AFFIDAVIT, CERTIFICATE AND NOTICE OF NON-PERFORMANCE /DISHONOR /NON-RESPONSE, CERTIFICATION OF DUE PRESENTMENT OF NOTICE UNDER NOTARY SEAL, TRUE BILL, and VERIFICATION OF TRUE BILL" prove the Respondent/Defendants acted willfully against this Affiant without bona fide valid contact(s) / claim(s).

## V Bill of Particulars

23.) For Affiant avers, this Affidavit to exercise Affiant's unalienable Sovereign Rights against Respondent /Defendants for a redress of grievances for: deprived absolute constitutional rights, fraud, extortion, theft, plus other noted wrongs etc. by this verified claim. For, Affiant avers, that Affiant, now therefore, sets forth to the candid community and the world the abuses of *Fraud, Felonies High Crimes and Misdemeanors by the Respondents/Defendants for the above named Respondents/Defendants, in this instant action have willfully and knowingly violated Affiant for such cause the aggrieved Affiant puts forth the following bill of particulars :

--DENIED RIGHT TO LAWFUL DUE PROCESS OF LAW. For such denials include but are not limited to improper service, the cause of action or lack of same, and the ability to effect a remedy or the capacity to proceed according to the law of the land(Common Law), the right to work, the right to receive just rewards of labors, denying access to the multiple organic Constitutional guaranteed rights; RIGHT OF POWERS OF THE PEOPLE; RIGHT OF TRIAL BY JURY; VIOLATION OF PROPERTY RIGHTS and specifically acting against the Affiant under color of law and color of official right. For it is a "taking action" denying the right to personal property in violation of the Supreme law of the land and the provisions of proper lawful due process under the Fourth and Fifth Amendments of the organic Constitution Original Jurisdiction.

24.) For Affiant avers, the right to lawful proper due process of law requires before any sort of judgment is rendered against a man, he must has had an opportunity to defend himself of any accusation or claim, he must has had an opportunity to state his case, he must has had a proper and lawful judgment by a jury of his national peers, or by a knowledgeable waiver of the right to answer. For the Respondents /Defendants acted against that lawful proper due process of law by acting in conspiracy to defraud aggrieved Affiant of property, under color of law and WITHOUT ANY KIND OF LAWFUL JUDGEMENT, VERIFIED COMMERCIAL PAPERWORK, VERIFIED CONTRACTS, OR VERIFIED PROOF OF CLAIMS. For the Respondents /Defendants are therefore guilty of denying the Affiant every Constitutional guaranteed protection afforded, acts of:

--TREASON/ MIXED DOMESTIC WAR For the offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance. Whenever a judge acts where he/ she does not have jurisdiction to act, the judge is engaged in an act or acts of Treason U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980).

--*FRAUD. For the Respondents /Defendants permitting shown and demonstrated acts of fraud and actively participating in a scheming conspiracy of untruths and misrepresentations to deceive those who entrusted themselves in dealing in good faith, while specifically acting in deliberate bad faith when such fraud was shown.

--EXTORTION. By such actions of Fraud, said Respondents /Defendants under

assumed (usurped) official right and color of office to demand, without any real lawful or proper authority, by use of such misrepresentations and untruths to attempt to steal property under a color and cover of law.

--**GRAND THEFT**. By such actions of fraud and extortion, the monies stolen, or damages sustained by such actions totaling over $400 under a guise of taxes, fines and/or penalties under color of law for exercising one inalienable/unalienable rights

--**SLAVERY**. The civil relation in which one man has absolute power over the life, fortune, and liberty of another. For the Respondents /Defendants actions have denied the right of the Affiant to "fortunes" earned by labors, and the unlawful conversion of such property and giving it to another without proper lawful due process of law forcing the Affiant to work for less than what was lawfully and contractually agreed upon, criminally breaching interpersonal contracts and relationships. The Respondents /Defendants absolutely refused to communicate in **GOOD FAITH** with Affiant. For they have neglected, failed and refused to fully disclose the alleged lawful authority by which they act and communicate, the alleged contract in default or the alleged damages which they claim created the so-called liability. There is no lawful judgment of any kind that they can produce showing any liability. By such action, these have destroyed the inalienable right to life, liberty, and property by such taking personal property without proper lawful due process of law, reducing Affiant to the condition of a slave. As such, these are in fact violations of the United States Constitution that abolished slavery.

--**CONSPIRACY**. For the Respondents / Defendants actions by their joint efforts, committing unlawful acts against Affiant's private rights and property. Multiple official, agents and other persons named properly noticed by the attached **COMMERCIAL AFFIDAVIT**, and un-named who under a color of official right, and appearance and color of law continued to perform such acts to continue to raise revenue by fraud and extortion.

--**FALSE DOCUMENTS**. For the Respondents /Defendants active perpetuating and accepting of false documents that are known not to be true or known to be false, condemning the Affiant under a color of law without benefit of lawful jury trial. For the Respondents/ Defendants actions to raise revenue by stealing <monies> / property(s) of the Affiant and giving it directly to a foreign agent by such false condemnations.

--**MALFEASANCE OF OFFICE**. By the Respondents /Defendants wrongful actions, these individuals have acted with malfeasance of office in conspiracy with Agents of the state and county, deliberately, knowingly, and willfully, violating said rights are guilty of misconduct in office, weather public or private.

--**RACKETEERING**. For combination of the above identified crimes. For Title 18 United States Code Section 1961 (RICO) defines it as involving a host of patterned criminal actions that includes but not limited to an act of threat of murder, kidnapping , gambling, arson, bribery and as in the instant case robbery, extortion, fraud, slavery, etc.

### VI Conclusions and Relief Sought

25.) For Affiants avers, lawful /legal Notice is hereby given to this court of Affiant's "Intent" to use Common law under Federal Rules of Civil Procedure, Rule 44.1. For Affiant stresses that both the STATE OF NEW JERSEY, and SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION, in this cause are **without jurisdiction and** the Affiant's Claim for relief is an omission under USC Title 28, § 1251 (b)(3) of United States law. For Affiant avers, when a State of the United States fails to sue an "alien" in

the proper manner then a tort occurs, which allows the "alien" to file a writ in the **United States Court of Federal Claims**. For Affiant avers this is an Implied Contract Claim and Affiant moves for Transfer to the **United States Court of Federal Claim** (Petitioner **Emphasizes this Fact).**

26.) For Affiant avers Affiant for the record does not, under any condition or circumstance, by threat, duress, or coercion, waive any rights Inalienable or Secured by the Constitution and demand the United States Court of Federal Claims and the federal judges to fulfill their official duties and obligation to preserve the private rights of the Affiant and carry out their Judicial Duty in 'Good Faith' by ordering enforcement of Affiant's Claim(s) /Common Law Default Judgment(s) (see Attached Affidavits, proofs etc..) and Respondents/ Defendants to be brought before the Law to answer for their actions.

27.) For Affiant avers, the necessary elements are present for Extra Judicial mandamus remedy and Affiant seeks for issuance of the necessary **writ of mandamus** under the court's seal, for the lower tribunal's failure to fulfill its official duty clearly imposed by law pertaining to Affiant's status and diversity issues and right to common law trial by jury. For Affiant avers, Affiant is suffering great injuries, harms and damages as a matter of the above public wrongs and has no remedy in the foreign jurisdiction or in any other court, in order to protect Affiant's private rights. For this reason Affiant seeks for immediate emergency issue of **writ(s) of mandamus** and order(s) for transfer and Quashing/Vacating of all Prima Facie Citations / Complaints / Summons: of Respondents /Defendants, Docket #s F-19767-08 (sheriff Sale No. 10000549)and F-34854-08 to be quashed, vacated and expunged from the record on their face and merits, and full restoration of all of Affiant's private property including but not limited to, the return of all of Affiant's deposits, accruals, instruments, notes, securities, bonds, payments, fees, cancellations, interpleaded funds, unclaimed funds, alleged abandoned funds and all files to be removed from Respondents /Defendants records, and the release of any liens against Affiant's property(s) and the records corrected, for Affiant DEMANDS the same within (30) thirty days if possible required by law or for action(s) to be brought before a legitimately, delegated, and competent court of original jurisdiction for common law jury trial of Affiant's peers, or show cause to the contrary thereof, for justice delayed is justice denied. For Affiant in good faith and confidence, in those whose duty it is to safeguard the rights of "natural man" via common law, seeks the Divine Right of entry into the sacred chamber of common law protection, as Affiant is **not** nor ever will be a 14th Amendment citizen, subject to the rules and privileges that the citizens of the UNITED STATES care to bestow upon Affiant. For Affiant has hammered the point, that **Affiant is not pro se, nor a master of the practical procedures which binds lawyers conduct to perform**. For Affiant can only logically request in 'Good Faith' a fair, just, common sense approach from the United States Court of Federal Claims and sitting Judges bound by oath and constitutional duties.

28.) **Mandamus:** An instrument designed to compel compliance; this action is one, brought in a court of competent jurisdiction, to obtain an order of such court commanding an inferior tribunal, board, corporation, or person to do or not to do an act the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station. see: People v. Nelson, 346 Ill. 247, 178 N.E. 485, 487.

29.) For Affiant avers, Affiant seeks Justice and adequate remedy from injustices

Note: United States Court of Federal Claims is reminded of the current documented widespread Fraud and Misrepresentations banks have been caught perpetrating Nationwide.

## CERTIFICATE OF SERVICE

I hereby certify that on this  $\underline{15}$  th day of February, 2011, I caused a copy of the

foregoing "DEFENDANT'S MOTION TO DISMISS" to be delivered via United States mail,

first-class, to the following address:

Moorish Science Temple of America
P.O. Box 222
Skippers, VA  23879